# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL GONZALEZ, JR., a minor, by and through his guardian ad litem, Maria Gonzalez, MARIA GONZALEZ and MIGUEL GONZALEZ,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | CASE NO. 1:09-cv-00509-LJO-SKO<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING** |

## I. INTRODUCTION

On November 2, 2011, Maria Gonzales ("Petitioner"), as the court-appointed guardian *ad litem* of the named minor, Plaintiff Miguel Gonzalez, Jr. ("Miguel"), filed a petition to approve the proposed settlement between Miguel and the United States of America ("United States"). On November 10, 2011, Defendant County of Kern, erroneously sued in the name of its agency, Kern Medical Center, filed a statement of non-opposition to the petition for approval of the proposed settlement between Miguel and the United States. (Doc. 66.)

After reviewing the petition, the Court finds that a supplemental brief is necessary to adequately consider the fairness and reasonableness of the proposed settlement. The Petitioner is DIRECTED to file a supplemental brief on or before **November 29, 2011,** as set forth below. Any

response to the supplemental brief that any party elects to file **may be submitted on or before December 2, 2011.** The hearing on the Petition is RESET to **December 7, 2011, in Courtroom 7, at 9:30 a.m.**

## II.   FACTUAL BACKGROUND

This case was originally filed on February 8, 2008, in Kern County Superior Court by Plaintiffs Miguel Gonzalez, Jr., Maria Gonzalez, and Miguel Gonzalez, Sr. (collectively, "Plaintiffs") against Kern Medical Center, Clinica Sierra Vista, Luis Lopez, M.D., Deng Fong, M.D., and Gurvir Khurana, M.D. Petitioner was appointed guardian *ad litem* for Miguel. According to Petitioner, it was thereafter discovered that Defendant Clinica Sierra Vista and Defendant Luis Lopez, M.D., were deemed employees of the Public Health Services pursuant to the provisions of the Federally Supported Health Centers Assistance Act of 1992, 42 U.S.C. § 233 and therefore subject to the Federal Tort Claims Act ("FTCA"), codified at 28 U.S.C. §§ 2671-2680. (Doc. 64, 2:15-18.)

On March 18, 2009, Plaintiffs filed a complaint in this Court pursuant to the FTCA against the United States and simultaneously proceeded in state court against the remaining defendants. On September 17, 2009, Plaintiffs filed a First Amended Complaint naming the state-court defendants, Kern Medical Center and Gurvir Khurana, M.D.,[1] in this action and dismissed the state-court action in its entirety. (*See* Doc. 64, 2:18-24.)

Plaintiffs' claims arise from the events occurring on the date of Miguel's birth, August 1, 2007, at the Kern Medical Center. Miguel's birth resulted in a prolonged period of head entrapment and hypoxia and acidosis. Upon birth, Miguel required full resuscitation and was admitted to the Neonatal Intensive Care Unit. He was hospitalized for 41 days, and was later diagnosed with global developmental delay and cerebral palsy. Currently, Miguel is able to walk, but with poor balance. (Doc. 64, 4:23.) He is severely mentally impaired, and he is not able to speak. He will require assistance in all activities of daily living throughout his life. (Doc. 64, 4:23-25.)

---

[1] Defendant Deng Fong, M.D. was not named in Plaintiffs' amended complaint. (*See* Doc. 23.)

2

### III. DISCUSSION

The "Petition for Compromise of the Claim of Minor Miguel Gonzalez" has two essential parts. Petitioner, Miguel's guardian *ad litem*, requests that the settlement be approved and that, as part of the approval, the Court issue an order establishing a special needs trust for Miguel such that certain settlement proceeds may be paid into the trust. Thus, the two components of the petition are considered below.

**A.   The Settlement Between Minor Miguel Gonzalez, Jr. and the United States**

As a derivative of Federal Rule of Civil Procedure 17(c), district courts have a special duty to safeguard the interests of litigants who are minors. Rule 17(c) provides, in pertinent part, that a district court "must appoint a guardian *ad litem* – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). In the context of proposed settlements in suits involving minor plaintiffs, the district court's special duty requires it to "'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

In *Robidoux*, the United States Court of Appeals for the Ninth Circuit provided specific guidance "on how to conduct this independent inquiry." *Robidoux*, 638 F.3d at 1181. While the Ninth Circuit noted that district courts have typically applied state law and the local rules governing the award of attorney's fees to make the reasonableness and fairness determination, the court held that "this approach places an undue emphasis on the amount of attorney's fees provided for in a settlement, instead of focusing on the net recovery of the minor plaintiffs under the proposed agreement." *Id.* The Ninth Circuit held that, instead, district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.* at 1181-82. Further, fairness of each minor plaintiff's net recovery should be evaluated "without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel – whose interests the district court has no special duty to safeguard." *Id.* at 1182 (citing *Dacanay*, 573 F.2d at 1078).

The Eastern District of California has issued Local Rules ("L.R.") that govern the procedure for submitting requests for approval of a proposed settlement or compromise of a minor. In actions in which a minor is represented by an appointed representative where the United States courts have exclusive jurisdiction, "the motion for approval of a proposed settlement or compromise shall be filed and calendared pursuant to L.R. 230." L.R. 202(b)(2); *see also* L.R. 202(b)(1).

Local Rule 202(b)(2) further provides that an application for approval of a settlement of a minor

> shall disclose, among other things, the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent. If reports of physicians or other similar experts have been prepared, such reports shall be provided to the Court. The Court may also require the filing of experts' reports when none [has] previously been prepared or additional experts' reports if appropriate under the circumstances . . . .

The petition submitted tracks the language of the California Judicial Council form MC-350, which contains the "Petition to Approve Compromise of Disputed Claim or Pending Action or Disposition of Proceeds of Judgment for Minor or Person with a Disability" that is applicable in state-court proceedings. The petition filed with the Court offers a comprehensive overview of the terms of the settlement and sets forth most of the information necessary to consider approval of the settlement pursuant to both the Federal Rules of Civil Procedure and the Eastern District of California's Local Rules. It does not, however, address fully the specific issues that the Ninth Circuit recently directed federal district courts to examine when determining whether to approve a settlement involving a minor's claims. *Robidoux*, 638 F.3d at 1181-82.

In light of *Robidoux*, Petitioner is directed to submit a supplemental brief addressing *why* Miguel's net recovery under the settlement is fair and reasonable "in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.* In providing the supplemental statement, Petitioner should clearly set forth Miguel's net recovery. While the petition labels $1,610,000.00 as the "Net Amount of Settlement to Miguel" (Doc. 64, 6:11), this figure appears to represent the gross

4

amount of the settlement to Miguel. The Ninth Circuit's instruction to district courts in *Robidoux* was to consider the "net recovery" to the minor. 638 F.3d at 1181-82. To that end, Petitioner should set forth the items included in Miguel's "net recovery," which presumably would exclude costs and fees. The Court notes that, in Mr. Donahue's declaration, he states that the total amount to Miguel is $1,003,402.28. (Doc. 64, p. 17, ¶ 12.) Petitioner should affirmatively indicate whether this amount represents Miguel's "net recovery" for purposes of considering whether that amount is fair and reasonable.

Further, Petitioner should specifically discuss the facts underpinning the minor's claim with respect to the United States. Finally, Petitioner should address how the compromise amount was determined in mediation. In other words, Petitioner should explain why the compromise amount was considered adequate to settle Miguel's claim against the United States – e.g., whether recovery in similar cases guided the parties in reaching the proposed compromise amount.

**B.     The Establishment of a Special Needs Trust for the Benefit of Miguel**

    **1.     Requirements of Probate Code § 3406(b)**

Pursuant to the California Probate Code, "[i]f a court makes an order under Section 3602 or 3611 that money of a minor or person with a disability be paid to a special needs trust, the terms of the trust shall be reviewed and approved by the court and shall satisfy the requirements of this section." Cal. Prob. Code § 3604(a)(1). Section 3604(b) provides that

> [a] special needs trust may be established and continued under this section only if the court determines all of the following:
>
> (1) That the minor or person with a disability has a disability that substantially impairs the individual's ability to provide for the individual's own care or custody and constitutes a substantial handicap.
>
> (2) That the minor or person with a disability is likely to have special needs that will not be met without the trust.
>
> (3) That money to be paid to the trust does not exceed the amount that appears reasonably necessary to meet the special needs of the minor or person with a disability.

Cal. Prob. Code § 3604(b)(1)-(3). The petition and the exhibits attached to the declaration of Mr. Donahue, Esq. set forth Miguel's disability, indicate that it substantially impairs his ability to provide for his own care, and establish that his disability constitutes a substantial handicap.

5

However, the petition does not expressly address the second and third requirements under Section 3604(b). To that extent, Petitioner should indicate in the supplemental brief what types of special needs she anticipates will not be met without the trust and how Petitioner has met the requirement that the funds in the trust will not exceed the amount reasonably necessary to meet Miguel's special needs.[2]

**2.   Requirement of Probate Code § 3604(d)**

Probate Code Section 3604(d) requires that a

> court order under Section 3602 or 3611 for payment of money to a special needs trust shall include a provision that all statutory liens in favor of the State Department of Health Services, the State Department of Mental Health, the State Department of Developmental Services, and any county or city and county in this state shall be satisfied first.

Petitioner asserts that Medi-Cal has provided medical services to Miguel having a value of $145,213.00, but Medi-Cal has agreed to a 25% reduction to $108,909.75. (Doc. 64, 7:6-14;12:22-27.) The amount of $108,909.75 will be paid to the Department of Health Care Services by Miguel's counsel out of the gross proceeds of the settlement attributable to Miguel. The remaining 25% ($36,303.25) will be paid to counsel as the legal fees associated with obtaining the recovery out of which Medi-Cal is being paid. (Doc. 64, 12:22-27.)

However, an invoice from the Department of Health Care Services issued on October 11, 2011, indicates that "[t]he Department will accept $97,830.85 based on a settlement amount of $1,750,000.00, attorney's fees of $308,051.39, and litigation costs of $133,514.80. Due to the possibility of additional settlements, this reimbursement amount will only be considered as partial settlement of the Medi-Cal lien." (Doc. 64.5, p. 1.) Although Petitioner cites this invoice in discussing the Medi-Cal lien, the discrepancy remains unexplained. In the supplemental brief, Petitioner should clarify the settlement amount of the Medi-Cal lien and indicate whether or not that amount is full satisfaction of the lien.

///

---

[2] For example, it may be that Miguel's life expectancy impacts the amount of the money that will be required for his special needs.

**3.     The Periodic Annuity Payment to the Trust**

The proposed settlement includes payment for Miguel's claim in the amount of $1,610,000.00, which includes the purchase of an annuity that will provide periodic payments to a special needs trust in the amount of $1,920.00 per month for Miguel's lifetime, guaranteed for 30 years. (Doc. 64, 6:12-16.)  The proposed special needs trust that Petitioner filed in support of the petition, however, provides that the periodic payments from the annuity to the trust amount to $1,877.40 per month. (Doc. 64-8, p. 1.) This discrepancy may be easily explained, but it is not clear on the face of the documents why the petition indicates that the periodic payments from the annuity to the trust will amount to $1,920.00 per month, yet the proposed special needs trust recites that the periodic payments from the annuity to the trust will amount to $1,877.40 per month. In the supplemental brief, Petitioner shall explain this discrepancy and file an amended proposed trust document, if necessary.

### IV.     CONCLUSION

In sum, Petitioner should address the following in the supplemental brief:

a.   Affirmatively indicate Miguel's net recovery under the settlement;

b.   Address why Miguel's net recovery is fair and reasonable in light of: (1) the facts of the case, (2) Miguel's specific claim, and (3) recovery in similar cases;

c.   Specifically discuss the facts underpinning Miguel's claim with respect to the United States;

d.   Address how the compromise amount was determined to be adequate by the parties;

e.   Address the requirements of Probate Code Sections 3604(b)(2)-(3);

f.   Clarify the settlement amount of the Medi-Cal lien and indicate whether or not this amount is full satisfaction of the lien; and

g.   Clarify the amount of the periodic payments that will be made from the annuity to the trust, filing amended documents as necessary.

To allow for supplemental briefing, the hearing set for November 30, 2011, shall be reset to December 7, 2011.  While the Local Rule applicable to the petition states that the representative compromising the claim as well as the minor shall be in attendance at the hearing (L.R. 202(d)),

7

Petitioner may set forth reasons amounting to good cause in the supplemental brief establishing why the personal appearance of Petitioner and Miguel, the minor, should be excused.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner submit a supplemental brief that conforms with this order **on or before November 29, 2011**;

2. Any responses to the supplemental brief may be filed by any other party **on or before December 2, 2011**;

3. The hearing set for November 30, 2011, is VACATED and RESET to **December 7, 2011, in Courtroom 7, at 9:30 a.m.**

IT IS SO ORDERED.

**Dated:   November 16, 2011**             /s/ Sheila K. Oberto
                                           UNITED STATES MAGISTRATE JUDGE